| | |
|---|---|
| 1 | Nathan G. Kanute, Esq. |
| | Nevada Bar No. 12413 |
| 2 | Clark C. Knobel, Esq. |
| | Nevada Bar No. 15943 |
| 3 | SNELL & WILMER L.L.P. |
| | 3883 Howard Hughes Parkway, Suite 1100 |
| 4 | Las Vegas, Nevada 89169 |
| | Telephone: (702) 784-5200 |
| 5 | Facsimile: (702) 784-5252 |
| | Email: nkanute@swlaw.com |
| 6 |         cknobel@swlaw.com |
| 7 | *Attorneys for Plaintiffs* |

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| W. CHAPPELL MUSIC CORP. d/b/a WC MUSIC CORP., UH OH ENTERTAINMENT, INC., NAUGHTY MUSIC, PURE LOVE MUSIC, UNCLE RONNIE'S MUSIC COMPANY, INC., MOUSE ON THE TRACK, LLC, and TRILL PRODUCTIONS, | Case No.  2:23-cv-1689 |
| | **COMPLAINT** |
| Plaintiffs, | |
| vs. | |
| 6TH AND FREE LLC, a Nevada limited-liability company d/b/a COMMONWEALTH, and RYAN DOHERTY | |
| Defendants. | |

Plaintiffs, by their undersigned attorneys, allege:

1. This is a suit for copyright infringement under Title 17 of the United States Code.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a), and venue in this District is proper pursuant to 28 U.S.C.§ 1400(a).

3. Plaintiffs allege four (4) causes of action for copyright infringement based on the Defendants' public performances of Plaintiffs' copyrighted musical compositions. SCHEDULE A, annexed to the Complaint, sets forth in summary form the allegations hereinafter made with respect to the Plaintiffs, their copyrighted musical compositions, and Defendants' acts of infringement.

///

**THE PARTIES**

4. The Plaintiffs named in Column 2[1] are the owners of the copyrights in the original musical compositions listed in Column 3 and are properly joined in this Complaint under Rule 20 of the Federal Rules of Civil Procedure.

5. On information and belief, Defendant 6th and Free LLC ("FLC") is a limited-liability company organized under the laws of the state of Nevada with a place of business at 525 E. Fremont Street, Las Vegas, Nevada 89101.

6. At all times hereinafter mentioned, FLC did, and still does, own, control, manage, operate, and maintain a place of business for public entertainment, accommodation, amusement, and refreshment known as Commonwealth, located at 525 E. Fremont Street, Las Vegas, Nevada 89101.

7. Musical compositions were and are publicly performed at Commonwealth.

8. On information and belief, Defendant Ryan Doherty ("Doherty" and, together with FLC, the "Defendants") is an individual who resides and/or does business in this District.

9. At all times hereinafter mentioned, Doherty was, and still is, member, officer, and/or owner of FLC.

10. At all times hereinafter mentioned, Doherty was, and still is, responsible for the control, management, operation and/or maintenance of the affairs of FLC.

11. At all times hereinafter mentioned, Defendants jointly had, and still have, the right and ability to supervise and control the activities that take place at Commonwealth, including the right and ability to supervise and control the public performance of musical compositions at the Commonwealth.

12. Each Defendant derives a direct financial benefit from the public performance of musical compositions at Commonwealth.

///

///

---

[1] All references to "columns" herein refer to the numbered columns set forth in SCHEDULE A.

**FACTS SPECIFIC TO DEFENDANTS' INFRINGEMENT OF
PLAINTIFFS' COPYRIGHTED MUSICAL COMPOSITIONS**

13. The Plaintiffs are all members of the American Society of Composers, Authors, and Publishers ("ASCAP"), a membership association that represents, licenses, and protects the public performance rights of its more than 875,000 songwriter, composer, and music publisher members.

14. Each ASCAP member grants to ASCAP a non-exclusive right to license the performing rights in that member's copyrighted musical compositions. On behalf of its members, ASCAP licenses public performances of its members' musical works, collects license fees associated with those performances, and distributes royalties to its members, less ASCAP's operating expenses.

15. In undertaking the conduct complained of in this action, Defendants knowingly, willfully, and intentionally violated Plaintiffs' rights. Defendants' knowledge, willfulness, and intent are established by the following facts:

  (a) Defendants entered into a license agreement with ASCAP, effective November 15, 2012.

  (b) Defendants, however, failed to pay license fees as required by the license agreement.

  (c) Because of Defendants' failure to pay license fees due, ASCAP duly terminated Defendants' prior ASCAP license for Commonwealth on December 31, 2021, for material default.

  (d) Notwithstanding the termination of the Commonwealth ASCAP license and their knowledge of the termination, the Defendants continued to perform ASCAP's members' musical works publicly at Commonwealth.

16. Since termination of Commonwealth's ASCAP license, ASCAP has attempted to contact the Defendants, or their representatives, agents, or employees, to offer to reinstate the license for Commonwealth, or relicense the establishment, upon payment of the outstanding fees owed to ASCAP.

17. Despite ASCAP contacting Defendants numerous times, Defendants have refused

1   all of ASCAP's offers to reinstate the license for Commonwealth.

2       18.    As a result of the foregoing, Commonwealth has been unlicensed by ASCAP since
3   December 31, 2021.

4       19.    ASCAP's various communications offering to relicense Commonwealth gave
5   Defendants notice that unauthorized performances of ASCAP's members' musical compositions at
6   Commonwealth constitute copyright infringement.

7       20.    Notwithstanding the foregoing, Defendants have continued to present public
8   performances of the copyrighted musical compositions of ASCAP members at Commonwealth,
9   including the copyrighted works involved in this action, without permission, during the hours that
10  the establishment is open to the public for business and presenting musical entertainment.

11      21.    The original musical compositions listed in Column 3 were created and written by
12  the persons named in Column 4.

13      22.    The original musical compositions listed in Column 3 were published on the dates
14  stated in Column 5, and since the date of publication have been printed and published in conformity
15  with Title 17 of the United States Code.

16      23.    The Plaintiffs named in each cause of action, including their predecessors in interest,
17  if any, complied in all respects with Title 17 of the United States Code, secured the exclusive rights
18  and privileges in and to the copyright of each composition listed in Column 3, and received from
19  the Register of Copyrights a Certificate of Registration, identified as set forth in Column 6.

20      24.    Defendants on the dates specified in Column 7, and upon information and belief, at
21  other times prior and subsequent thereto, infringed the copyright in each composition named in
22  Column 3 by publicly performing the compositions at Commonwealth, for the entertainment and
23  amusement of the patrons attending said premises, and Defendants threaten to continue such in-
24  fringing performances.

25      25.    The public performances at Commonwealth of the Plaintiffs' copyrighted musical
26  compositions on the dates specified in Column 7 were unauthorized: neither Defendants, nor any
27  of the Defendants' agents, servants or employees, nor any performer was licensed by, or otherwise
28  received permission from any Plaintiff, or any agent, servant, or employee of any Plaintiff, to give

such performances.

26. In undertaking the conduct complained of in this action, Defendants knowingly, willfully, and intentionally violated Plaintiffs' rights.

27. The many unauthorized performances at Commonwealth include the performances of the four copyrighted musical compositions upon which this action is based.

28. At the times of the acts of infringement complained of, the Plaintiffs named in each cause of action were owners of the copyright in the composition therein named.

29. The said wrongful acts of the Defendants have caused and are causing great injury to the Plaintiffs, which damage cannot be accurately computed, and unless this Court restrains the Defendants from the further commission of said acts, said Plaintiffs will suffer irreparable injury, for all of which the said Plaintiffs are without any adequate remedy at law.

///

///

4865-4299-2773

1       WHEREFORE, Plaintiffs pray:

2       1.    That Defendants and all persons acting under the direction, control, permission or authority of Defendants be enjoined and restrained permanently from publicly performing the aforementioned compositions—or any of them—and from causing or permitting the said compositions to be publicly performed at Commonwealth, or at any place owned, controlled, managed, or operated by Defendants, and from aiding or abetting the public performance of such compositions in any such place or otherwise;

      2.    That Defendants be decreed to pay such statutory damages as to the Court shall appear just, as specified in 17 U.S.C. § 504(c);

      3.    That Defendants be decreed to pay the costs of this action and that reasonable attorneys' fees be allowed as part of the costs; and

      4.    For such other and further relief as may be just and equitable.

Dated: October 17, 2023              SNELL & WILMER L.L.P.

By: /s/ *Nathan G. Kanute*
Nathan G. Kanute (NV Bar No. 12413)
Clark C. Knobel (NV Bar No. 15943)
SNELL & WILMER L.L.P.
3883 Howard Hughes Pkwy, Ste 1100
Las Vegas, Nevada 89169

*Attorneys for Plaintiffs*

4865-4299-2773

INDEX TO EXHIBITS

| Exhibit No. | Title of Exhibit | No. of Pages |
|---|---|---|
| 1. | Schedule A | 1 |

4865-4299-2773